IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ADRIAN JENKINS, | : | PRISONER CIVIL RIGHTS |
| GDC # 1117201, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SHERIFF T. JACKSON, | : | CIVIL ACTION NO. |
|     Defendant. | : | 1:14-CV-1686-WSD-JKL |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff, Adrian Jenkins, confined in Georgia State Prison in Reidsville, Georgia, submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendant, Fulton County Sheriff T. Jackson. [Doc. 1.] The case is before the Court on Defendant's motion to dismiss. [Doc. 22.] For the reasons given below, the undersigned recommends that Defendant's motion to dismiss be granted.

I.   Background

On July 2, 2015, the District Court issued an Order setting forth the following:

> Plaintiff, a prisoner at the Georgia State Prison in Reidsville, Georgia, filed a Complaint alleging that Defendant . . . violated his due process rights under the Fifth and Fourteenth Amendments. Plaintiff also appears to assert against Defendant a state law claim for false imprisonment. Plaintiff claims that he was supposed to be released on parole on December 31, 2013, but his counsel told him that his parole was cancelled because the Fulton County Sheriff's Department placed a hold on Plaintiff based on a "simple assault" charge. . . . Plaintiff claims

> that "this has to be a case of mistaken identity [because] he has not been charged or convicted of a violent crime ever, and knows absolutely nothing [about] this 'simple assault.' " . . .
>
> Plaintiff contends that . . . Defendant violated his due process rights by relying on false information, based on an assault charge, to deny him his parole rights. . . . The crux of Plaintiff's Complaint is that he did not commit assault, that his parole was revoked on the allegation that he assaulted someone, and that he was not given an opportunity to show that Defendant relied on false information to deny him parole. . . .
>
> In the absence of a protected liberty interest in parole, to state a due process claim, a plaintiff must show that a defendant used false information in making a parole determination. *See* [*Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001) (per curiam)]; *Slakman v. Buckner*, 434 F. App'x 872, 876 (11th Cir. 2011) [(per curiam)]. Plaintiff here has stated a due process claim because he asserts that [Defendant] relied on false information to deny him parole. *Id.* . . .

[Doc. 14 at 1-2, 4-6.] Thus, the District Court allowed Plaintiff to proceed on a § 1983 substantive due process claim, which involves "[o]nly the most egregious official conduct" that is arbitrary or shocks the conscience. *Slakman*, 434 F. App'x at 875 (quoting *Waddell v. Hendry Cty. Sheriff's Office*, 329 F.3d 1300, 1305 (11th Cir. 2003)). The allegedly egregious official conduct was the placement of "a hold on Plaintiff based on a 'simple assault' charge." [*Id.* at 2.]

As a county sheriff lacking custody of Plaintiff, Defendant could not have denied or revoked Plaintiff's parole, but Defendant's placement of a hold allegedly

2

caused the Georgia Board of Pardons and Paroles ("Board") to deny or revoke Plaintiff's parole. Plaintiff does not address whether he had an opportunity to show the Board that Defendant's hold was incorrect. Instead of suing the Board for relying upon the hold to deny or revoke his parole, Plaintiff sues Defendant, whose placement of the hold allegedly caused the Board to reach its decision.[1]

II.     Discussion

Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. [Doc. 22 at 1.][2] A complaint fails to state a claim when the factual allegations, accepted as true, do not "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A viable claim must be "plausible on its face." *Id.* at 570. In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

---

[1] In contrast, the plaintiffs in *Jones* and *Slakman* sued the Board for relying upon false information in their files. *See Jones*, 279 F.3d at 946; *Slakman*, 434 F. App'x at 873. In the present case, if Plaintiff wishes to sue the Board, he should be directed to initiate a new case.

[2] Defendant also cites Federal Rule of Civil Procedure 12(b)(1), which pertains to lack of subject-matter jurisdiction, but he makes no argument regarding that rule.

556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court construes the factual allegations favorably to a *pro se* plaintiff and holds *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citing *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001), and *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)).

In his complaint, Plaintiff alleges that (1) Defendant communicated to the Georgia Department of Corrections ("GDC") that Plaintiff had "a pending sentence to be served . . . upon completion of the state sentence which he is now serving," and (2) Plaintiff wrote a letter to Defendant regarding that issue and received no response. [Doc. 1 at 8-10, 11-13; Doc. 1-1 at 1.][3]  Plaintiff does not allege that Defendant's

---

[3] Defendant argues that Plaintiff fails to allege any facts showing that Defendant either personally, or in a supervisory role, violated Plaintiff's constitutional rights. [Doc. 22-1 at 7, 8-10.] However, Plaintiff references Defendant's communication to the GDC and attaches the GDC's response, which is addressed to Defendant. [Doc. 1 at 8-10; Doc. 1-1 at 1.]  The undersigned therefore determines that Plaintiff

4

actions were arbitrary or that Defendant knew that his communication to the GDC was false. Plaintiff merely alleges that "this has to be a case of mistaken identity," which suggests that Defendant's actions were negligent. [Doc. 1 at 11.] The undersigned concludes that Plaintiff fails to show that Defendant's conduct was highly egregious or conscience-shocking, as required in order to maintain a § 1983 substantive due process claim. *See Slakman*, 434 F. App'x at 875. Because Plaintiff fails to state a § 1983 claim upon which relief may be granted, Defendant's motion to dismiss should be granted.

Defendant also correctly argues that he is entitled to qualified immunity. [Doc. 22-1 at 4-7.] "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (internal quotation marks omitted). Defendant must show that he acted within the scope of his discretionary authority when the allegedly unconstitutional conduct occurred. *See Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 n.14 (11th Cir. 2010). Defendant has made that showing because "plac[ing]

---

sufficiently alleges Defendant's personal involvement.

5

a hold on Plaintiff based on a 'simple assault' charge" is an action within the discretionary authority of a sheriff. [Doc. 14 at 2.] Plaintiff must show facts that establish the violation of a constitutional right, which must be clearly established at the time of Defendant's alleged conduct. *See Pearson*, 555 U.S. at 232, 236. Plaintiff has not made that showing because, as the undersigned explained above, Plaintiff's allegations do not establish that Defendant violated Plaintiff's right to substantive due process.

As the District Court noted, "Plaintiff also appears to assert against Defendant a state law claim for false imprisonment." [Doc. 14 at 1.][4] Because Defendant's motion to dismiss the § 1983 substantive due process claim should be granted,

---

[4] Plaintiff's false imprisonment claim may also be interpreted as a § 1983 claim. [*See* Doc. 1 at 14.] "A § 1983 claim of false imprisonment requires a showing of common law false imprisonment and a due process violation under the Fourteenth Amendment." *Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009) (per curiam). Common law false imprisonment requires "an intent to confine, an act resulting in confinement, and the victim's awareness of confinement." *Id.* "The Fourteenth Amendment Due Process Clause includes the right to be free from continued detention after it was or should have been known that the detainee was entitled to release." *Id.* (citations and internal quotation marks omitted). A due process violation requires deliberate indifference; the defendant must have "had subjective knowledge of a risk of serious harm and disregarded that risk by actions beyond mere negligence." *Id.*

In the present case, Plaintiff cannot maintain a § 1983 false imprisonment claim because he fails to allege that Defendant acted with deliberate indifference. Plaintiff alleges that Defendant's placement of a hold on Plaintiff "has to be a case of mistaken identity," which suggests that Defendant's actions were negligent. [Doc. 1 at 11.]

6

Plaintiff's false imprisonment claim under state law should be dismissed without prejudice. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a [related state-law] claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ."). Plaintiff may pursue his false imprisonment claim against Defendant in Georgia state court.

III.   Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that Defendant's motion to dismiss [Doc. 22] be **GRANTED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED**, this 9th day of May, 2016.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)