IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ADRIAN JENKINS,

          Plaintiff,

v.                                       1:14-cv-1686-WSD

SHERIFF T. JACKSON,

          Defendant.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Adrian Jenkins's ("Plaintiff") Objections [36] to Magistrate Judge John K. Larkins III's Final Report and Recommendation [32] ("R&R"). The R&R recommends the Court grant Defendant Sheriff T. Jackson's ("Defendant") Motion to Dismiss [22].

**I.   BACKGROUND**

On May 23, 2014, Plaintiff, a prisoner at the Georgia State Prison in Reidsville, Georgia, filed a Complaint [1] alleging that Defendant violated his due process rights under the Fifth and Fourteenth Amendments. Plaintiff also appears to assert against Defendant a state law claim for false imprisonment. Plaintiff claims that he was supposed to be released on parole on December 31, 2013, but his counsel told him that his parole was cancelled because the Fulton County

Sheriff's Department placed a hold on Plaintiff based on a "simple assault" charge. (Compl. at 5). Plaintiff claims that "this has to be a case of mistaken identity [because] he has not been charged or convicted of a violent crime ever, and knows absolutely nothing in regard[s] to this 'simple assault.'" (Id. at 6-7).

Plaintiff contends that he should have been released on parole on December 31, 2013, and that Defendant violated his due process rights by relying on false information, based on an assault charge, to deny him his parole rights. The crux of Plaintiff's Complaint is that he did not commit assault, that his parole was revoked on the allegation that he assaulted someone, and that he was not given an opportunity to show that Defendant relied on false information to deny him parole.

On July 2, 2015, the Court issued an Order [14], pursuant to the required frivolity review under 28 U.S.C. § 1915A, allowing Plaintiff to proceed on a Section 1983 substantive due process claim. On September 28, 2015, Defendant filed his Motion to Dismiss. In it, Defendant argues (i) he is entitled to qualified immunity and (ii) Plaintiff cannot prove a Section 1983 claim against Defendant based on a theory of supervisory liability.

On May 9, 2016, the Magistrate Judge issued his R&R. The R&R recommends the Court grant Defendant's Motion to Dismiss, because (i) Plaintiff

fails to show that Defendant's conduct was highly egregious or conscience-shocking, as required to maintain a Section 1983 substantive due process claim, and (ii) Defendant is entitled to qualified immunity.  The Magistrate Judge also recommends the Court decline to exercise supplemental jurisdiction over Plaintiff's state law false imprisonment claim.

On May 18, 2016, Plaintiff filed his Objections.  In his Objections, Plaintiff raises new arguments and evidence that he did not submit in his opposition to Defendant's Motion to Dismiss.  Plaintiff first points to the R&R's observation that Plaintiff's Complaint "does not address whether he had an opportunity to show the [Georgia] Board [of Pardons and Paroles ("Board")] that Defendant's hold [on his parole] was incorrect."  (R&R at 3).  Plaintiff's Objections detail at length his correspondence with the Board.  He claims that, on February 10, 2016, the Board notified him that his criminal charges for assault were dismissed on January 26, 2015.  (Obj. at 5).  He claims his detainer "hadn't become cancelled until September 28, 2015 'eight full months' after that [sic] the charges had been dropped . . . I was still being 'detained by the defendant.'"  (Id. at 6).  He objects to the R&R's recommendation that Defendant's Motion to Dismiss be granted, noting that the Magistrate Judge found that "defendents [sic] personal involvement has been determined."  (Id.).  Plaintiff relies on Whirl v. Kern, 407 F.2d 781 (5th Cir.

1968) to support his argument that "[i]ntent to imprison without legal authority need not be proved as an element of the prima facie case." (Id. at 6). Plaintiff argues that, under Whirl, "whatever impact [Defendant's] good faith has it must be as an element of a defense[,]" and that "neither good intentions nor non-negligent conduct in general c[an] insulate a jailer from liability." (Id. at 7).

## II.   DISCUSSION

### A.   Legal Standards

#### 1.   Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). Because Plaintiff filed specific objections to the R&R, the Court conducts its *de novo* review. 28 U.S.C. § 636(b)(1).

2.     Standard on a Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010).  Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)).  Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  Mere "labels and conclusions" are insufficient.  Twombly, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than the "mere possibility of misconduct."  Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible."  Id. at 1289 (quoting Twombly, 550 U.S. at 570).

  B. Analysis

    1. Whether to Consider Plaintiff's New Evidence and Arguments

As an initial matter the Court addresses whether to consider Plaintiff's new evidence and arguments raised in his Objections.  While a district judge may consider new evidence and arguments raised for the first time in an objection to a magistrate judge's R&R, the district judge is not obligated to do so.  Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009).  Allowing new arguments and evidence to be presented after the issuance of an R&R would frustrate the purpose of the magistrate-judge system, which "was created to help alleviate the workload of the district judges," and because "it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate [judge], wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge."  Id. at 1291-92 (internal quotation marks omitted).

Here, the Court finds that Plaintiff's new evidence and arguments should not be considered. Plaintiff filed his Complaint on May 23, 2014, alleging that Defendant violated his due process rights by erroneously placing a hold on his parole allegedly due to a "simple assault" charge. Plaintiff now presents evidence that the simple assault charge indeed existed, and was dismissed on January 26, 2015. (Obj. at 14). He now argues that his detainer "hadn't become cancelled until September 28, 2015 'eight full months' after that [sic] the charges had been dropped . . . I was still being 'detained by the defendant.'" (Id. at 6). This new argument and evidence relates to events that allegedly occurred nearly eight months after Plaintiff filed his Complaint, and thus cannot support the claims made in the Complaint. Plaintiff was required, under Federal Rule of Civil Procedure 15(d), to move to "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Plaintiff failed to do so, and the Court declines to consider the new arguments and evidence presented in Plaintiff's Objections.

2. Section 1983 Due Process Claim

Defendant moves to dismiss Plaintiff's Section 1983 Due Process claim for failure to state a claim. The Due Process Clause of the Fourteenth Amendment to

the United States Constitution offers two different kinds of constitutional protection:  procedural due process and substantive due process, and a violation of either may form the basis for a suit under Section 1983.  Slakman v. Buckner, 434 F. App'x 872, 875 (11th Cir. 2011) (citing McKinney v. Pate, 20 F.3d 1550, 1555-56 (11th Cir. 1994) (en banc)).  "Conduct by a government actor will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience shocking in a constitutional sense." Id. (citing Waddell v. Hendry Cty. Sheriff's Office, 329 F.3d 1300, 1305 (11th Cir. 2003)).  "[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense."  Id. (citing Waddell, 329 F.3d at 1305).

Plaintiff alleges that (1) Defendant communicated to the Georgia Department of Corrections ("GDC") that Plaintiff had "a pending sentence to be served . . . upon completion of the state sentence which he is now serving," and (2) Plaintiff wrote a letter to Defendant regarding that issue and received no response.  (Compl. at 8-10, 11-13; [1.1] at 1).  The Magistrate Judge found Plaintiff fails to show that Defendant's conduct was highly egregious or conscience-shocking.  He noted that Plaintiff  does not allege that Defendant's actions were arbitrary or that Defendant knew that his communication to the GDC was false.  (R&R at 4-5).  Plaintiff merely alleges that "this has to be a case of

mistaken identity," (Compl. at 11), which suggests that Defendant's actions were negligent. (R&R at 5). The Magistrate Judge concluded that Plaintiff fails to state a Section 1983 Due Process claim. (Id.).

In his Objections, Plaintiff claims that, on February 10, 2016, the Board notified him that his criminal charges were dismissed on January 26, 2015. (Obj. at 5). He claims his detainer "hadn't become cancelled until September 28, 2015 'eight full months' after that [sic] the charges had been dropped . . . I was still being 'detained by the defendant.'" (Id. at 6). Even if the Court considered Plaintiff's new arguments and evidence, they would not change the analysis conducted, and the conclusions reached, by the Magistrate Judge. Plaintiff still fails to allege that Defendant's actions were arbitrary or that Defendant knew his hold on Plaintiff's parole was based on false information.[1] The Eleventh Circuit

---

[1] Plaintiff argues in his Objections that, in the R&R, "defendents [sic] personal involvement has been determined." (Obj. at 6). This argument presumably refers to the Magistrate Judge's determination that Plaintiff sufficiently alleged Defendant's personal involvement in his continued detention. (R&R at 4 n.3). In reaching this conclusion, the Magistrate Judge noted that Plaintiff references Defendant's communication to the GDC and Plaintiff attached to his Complaint the GDC's December 23, 2013, response addressed to Defendant. (Compl. at 8-10; [1.1]). That Defendant had some personal involvement in Plaintiff's continued detention does not show that Defendant's conduct was highly egregious or conscience-shocking, as required to maintain a Section 1983 substantive due process claim. As the Magistrate Judge noted, Plaintiff's allegations suggest that Defendant's actions were merely negligent. (R&R at 5).

has held that, in actions against a parole board, "prisoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole consideration." Monroe v. Thigpen, 932 F.2d 1437, 1442 (11th Cir. 1991). The exception to this rule exists where parole determinations were *knowingly* made based on false information. Id. Applying this holding here, Plaintiff's additional allegations do not support that Defendant knowingly provided the Board with false information to place a hold on Plaintiff's parole, or that he knowingly continued to detain Plaintiff after the assault charges were dropped. Plaintiff, in fact, now presents evidence that the assault charge existed at the time Defendant placed the hold, (see Obj. at 11), undermining even Plaintiff's insufficient allegation that Defendant was negligent in placing the hold. The Court finds Plaintiff's Section 1983 Due Process claim must be dismissed.[2]

---

2   To the extent Plaintiff raises a claim of a procedural due process violation, his claim fails as well. In Parratt v. Taylor, 451 U.S. 527 (1981) and Hudson v. Palmer, 468 U.S. 517 (1984), the Supreme Court of the United States limited the ability of a plaintiff to bring procedural due process claims against public officials. The Parratt/Hudson doctrine provides "that no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct." Martin v. Dallas Cty., Tex., 822 F.2d 553, 555 (5th Cir. 1987). Plaintiff does not allege that Georgia's parole procedures are unconstitutional or that state law fails to afford him an adequate post-deprivation remedy.

Defendant next argues that, even if Plaintiff stated a viable Section 1983 claim, Defendant is entitled to qualified immunity from suit.  "Qualified immunity offers complete protection for individual public officials performing discretionary functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Sherrod v. Johnson, 667 F.3d 1359, 1363 (11th Cir. 2012) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "'Once discretionary authority is established, the burden then shifts to the plaintiff to show that qualified immunity should not apply.'"  Edwards v. Shanley, 666 F.3d 1289, 1294 (11th Cir. 2012) (quoting Lewis v. City of W. Palm Beach, 561 F.3d 1288, 1291 (11th Cir. 2009)).  To meet this burden, a plaintiff must establish that "the officer's conduct amounted to a constitutional violation" and "the right violated was 'clearly established' at the time of the violation." City of W. Palm Beach, 561 F.3d at 1291.  This two-step analysis may be done in whatever order is deemed most appropriate for the case. Id. (citing Pearson v. Callahan, 555 U.S. 223, 236 (2009)).

The clearly established law must provide a defendant with "fair warning" that her conduct deprived the plaintiff of a constitutional right.  Hope v. Pelzer, 536 U.S. 730, 739-41 (2002).  A plaintiff "can demonstrate that the contours of the right were clearly established in several ways."  Terrell v. Smith, 668 F.3d 1244,

1255 (11th Cir. 2012). First, a plaintiff can show that "a materially similar case has already been decided." Id. (internal quotation marks and citations omitted). Second, a plaintiff can point to a "broader, clearly established principle [that] should control the novel facts [of the] situation." Id. (internal quotation marks and citation omitted). "Finally, the conduct involved in the case may 'so obviously violate[ ] th[e] constitution that prior case law is unnecessary.'" Id. (citation omitted). "[E]xact factual identity with a previously decided case is not required, but the unlawfulness of the conduct must be apparent from preexisting law." Coffin v. Brandau, 642 F.3d 999, 1013 (11th Cir. 2011).

The Magistrate Judge found that Defendant acted within the scope of his discretionary authority when he placed a hold on Plaintiff's parole based on a "simple assault" charge. (R&R at 5-6). The Court agrees. The burden thus shifts to Plaintiff to show that qualified immunity should not apply. Edwards, 666 F.3d at 1294.

Plaintiff relies on Whirl v. Kern, 407 F.2d 781 (5th Cir. 1968) to support that Defendant is not entitled to qualified immunity. (See Obj. at 6). Plaintiff argues that, under Whirl, "whatever impact [Defendant's] good faith has it must be as an element of a defense[,]" and that "neither good intentions nor non-negligent conduct in general c[an] insulate a jailer from liability." (Id. at 7). In Whirl, the

Fifth Circuit found a sheriff liable where the plaintiff was held in jail for nine months after charges against him were dismissed, despite the fact that the sheriff had no actual knowledge of the plaintiff's improper detention.  407 F.2d at 785.  The court reasoned that the sheriff was on constructive notice of the dismissal, "or alternatively, that absence of such notice was not a legal justification for Whirl's continued imprisonment."  Id. at 793.

     Plaintiff's reliance on Whirl is misplaced for several reasons.  First, as noted above, the Court will not consider Plaintiff's newly-raised argument that Defendant kept Plaintiff in custody for months after his assault charges were dropped, because Plaintiff failed to seek leave to file an amended complaint alleging such facts.  Second, even if the Court took Plaintiff's new argument into account, other courts have noted that Whirl is a 1968 case "that explored the precursors to qualified immunity and was quickly called into doubt."  Amerson v. Pike Cty, Miss., 2012 WL 968058, at *4 (S.D. Miss. Mar. 21, 2012) (citing Bryan v. Jones, 530 F.2d 1210, 1213 (5th Cir. 1976 ("Our subsequent decisions on false imprisonment along with the Supreme Court cases on official immunity, however, cast considerable doubt on the wisdom or continued vitality of [Whirl].")).  The Eleventh Circuit clarified in Kelly v. Curtis that "Whirl does not require police officers to track down every lead; it merely holds that they cannot

13

negligently ignore a notice *specifically sent to them* requiring that a detainee be released." 21 F.3d 1544, 1551-52 (11th Cir. 1994) (emphasis added). Even considering Plaintiff's new evidence and arguments, Plaintiff does not allege that Defendant received a "notice specifically sent to [him] requiring that [Plaintiff] be released." Id.

The Court finds that Defendant is entitled to qualified immunity because he acted within the scope of his discretionary authority and Plaintiff cannot establish a constitutional violation. Even if Plaintiff could establish a constitutional violation, he has not met his burden to show that "the right violated was 'clearly established' at the time of the violation." City of W. Palm Beach, 561 F.3d at 1291. Because Defendant is entitled to qualified immunity, his Section 1983 Due Process claim must be dismissed for this additional reason.

3. State Law False Imprisonment Claim

Plaintiff's Section 1983 claim having been dismissed, the Court considers whether to exercise supplemental jurisdiction over Plaintiff's remaining state law claim for false imprisonment.[3] Where "no basis for original federal jurisdiction

---

[3] As the Magistrate Judge noted, Plaintiff's false imprisonment claim may also be interpreted as a Section 1983 claim. The Magistrate Judge found that Plaintiff cannot maintain a Section 1983 false imprisonment claim because he fails to allege that Defendant acted with deliberate indifference. (R&R at 6 n.4).

presently exists, the district court has the discretion to decline to exercise supplemental jurisdiction." Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty., 402 F.3d 1092, 1123 (11th Cir. 2005) (citing 28 U.S.C. § 1367(c)); see also Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1288 (11th Cir. 2002) (whether to continue to exercise supplemental jurisdiction is a decision that "should be and is vested in the sound discretion of the district court"). Here, Plaintiff's federal claims have been dismissed, the parties are not diverse, and the Court does not have any basis, other than supplemental jurisdiction, to exercise jurisdiction over Plaintiff's state law claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law false imprisonment claim. Accordingly, Plaintiff's false imprisonment claim is dismissed without prejudice.

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins III's Final Report and Recommendation [32] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff Adrian Jenkins's Objections [36] are **OVERRULED**.

---

Plaintiff does not specifically object to this finding and recommendation, and the Court finds no plain error in it. See Slay, 714 F.2d at 1095.

**IT IS FURTHER ORDERED** that Defendant Sheriff T. Jackson's Motion to Dismiss [22] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 13th day of June, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE